UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOEY FOLSE                                                              CIVIL ACTION

VERSUS                                                                  NO. 23-5737

CHEVRON U.S.A., INC., ET AL.                                            SECTION "A" (5)

**ORDER AND REASONS**

Before the Court is Plaintiff Joey Folse's **Motion to Continue the Submission Date for Defendants' Motions for Summary Judgment and Motion in Limine (Rec. Doc. 59)**. Defendants Chevron U.S.A., Inc. ("Chevron"), MMR Group, Inc. ("MMR"), and Grand Isle Shipyard L.L.C. ("Grand Isle") oppose the motion.[1] The motion is granted.

**I.   Background**

This is a maritime tort matter arising out of injuries that Plaintiff allegedly sustained when he tripped and fell while working onboard an oil and gas production platform.[2] Plaintiff's Seaman Complaint was originally filed in October 2023 and has since been twice amended.[3] Under the current scheduling order, a jury trial is scheduled on Monday, November 10, 2025.[4]

The present motion concerns the dispositive motion deadline, which required all such motions to be set for submission no later than Wednesday, July 23, 2025.[5] On July 8—the deadline under the Local Rules to file a motion noticed for submission on July 23—the defendants filed

---

[1] Plaintiff's motion was originally noticed for submission on August 6, 2025, but is being considered on an expedited basis. *See* Rec. Doc. 62 (granting Plaintiff's Motion for Expedited Consideration (Rec. Doc. 60) and staying his deadline to file oppositions to the pending motions pending further orders of the Court).

[2] Rec. Doc. 1, ¶ V.

[3] Rec. Doc. 1; Rec. Doc. 23; Rec. Doc. 38.

[4] *See* Rec. Doc. 48.

[5] *See* Rec. Doc. 48.

three motions for summary judgment and a motion in limine.[6]

Contrary to the relief its title suggests, Plaintiff's motion does not simply seek an extension of time to prepare responses in opposition to the four pending motions; instead, it cites to Federal Rule of Civil Procedure 56(d) for the purpose of "request[ing] that [the] July 23, 2025 submission date be continued until such time that Plaintiff is able to conduct the discovery which is necessary to establish his claims, as the discovery cutoff is set for September 23, 2025."[7] Plaintiff contends that this request is appropriate because the deposition and discovery deadlines have not passed and he is "actively conducting investigations to uncover more evidence of 1) the party responsible for the subject spool of wire, 2) the true location of the wire at the time of [Plaintiff's] fall, and 3) the party responsible for placing the wire in this location."[8] According to his motion, the evidence he seeks may be obtained through written discovery and multiple depositions, including the deposition of MMR's corporate representative.[9]

Each defendant opposed Plaintiff's motion on several bases, the most prominent of which, as noted in Chevron's opposition, is that "Rule 56(d) *requires* Folse to present an affidavit or declaration showing why he is entitled to a continuance of Defendants' motions for summary judgment," and no such affidavit or declaration was attached to Plaintiff's motion.[10] Chevron also argues that, where a party seeks an amendment to a scheduling order, good cause must be shown; and that Plaintiff has not done so.[11]

---

[6] *See* Rec. Doc. 51, Rec. Doc. 52, Rec. Doc. 53, Rec. Doc. 54; LR 7.2.

[7] Rec. Doc. 49.

[8] Rec. Doc. 59, at 3.

[9] Rec. Doc. 59, at 5.

[10] Rec. Doc. 63, at 2.

[11] Rec. Doc. 63, at 2 (citing Fed. R. Civ. P. 16(b)(4)).

## II.    Law and Discussion

In the context of a motion for summary judgment, the Federal Rules of Civil Procedure provide that, if a "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). However, "non-moving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Am. Fam. Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561).

Having considered the motion, the Court is satisfied that the reasons specified therein establish that he cannot present facts essential to justify his opposition. Fed. R. Civ. P. 56(d). The Court acknowledges, however, that Plaintiff's motion is unaccompanied by an affidavit or declaration as required by the Rules.

Accordingly;

**IT IS ORDERED** that Plaintiff Joey Folse's **Motion to Continue the Submission Date for Defendants' Motions for Summary Judgment and Motion in Limine (Rec. Doc. 59)** is **GRANTED.**   The dispositive motion submission deadline is **CONTINUED** to **Wednesday, September 17, 2025**.[12]

---

[12] The parties are reminded that, in this District, a motion is timely filed 15 days before a submission date. *See* LR 7.2.

**IT IS FURTHER ORDERED** that Plaintiff shall, within 15 days of this Order's entry, submit an affidavit or declaration attesting to the reasons specified in the present motion in accordance with Rule 56(d).

**IT IS FURTHER ORDERED** that the parties shall meet and confer no later than **Thursday, July 31, 2025** to (i) schedule the depositions that Plaintiff contends are necessary to prosecute his case, and (ii) clarify what, if any, written discovery relevant to the pending motions remains outstanding. The discovery Plaintiff asserts is necessary to respond to the pending motions shall be completed no later than **Friday, August 29, 2025**. It shall not exceed the scope of what is described in his motion.

**IT IS FURTHER ORDERED** that the pending motions for summary judgment (Rec. Doc. 51; Rec. Doc. 52; Rec. Doc. 54) and the pending motion in limine (Rec. Doc. 53) are **DENIED WITHOUT PREJUDICE as premature**.

July 24, 2025

                                                                   _____
                                                                   JAY C. ZAINEY
                                                                   UNITED STATES DISTRICT JUDGE